UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PRAXEDES WARA,** | § § § | |
| **PLAINTIFF** | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:16-cv-1198 |
| **SAVASENIORCARE, LLC,** | § § § | |
| **DEFENDANT** | § § § § | |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Praxedes Wara, by and through her undersigned attorney of record, and sues Defendant SavaSeniorCare, LLC ("Defendant") and in support thereof would show unto this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1.1    This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Praxedes Wara worked for Defendant from 2008 through January 2015 as an hourly Licensed Vocational Nurse.

1.2    Plaintiff brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3    During the three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay its employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant SavaSeniorCare, LLC because this entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III. PARTIES

**A.     Plaintiff**

3.1     Plaintiff Praxedes Wara is an individual residing in Harris County, Texas.

**B.     Defendant**

3.2     Defendant SavaSeniorCare, LLC is a foreign limited liability company formed and existing under the laws of the State of Delaware and maintains and operates its principal office in Atlanta, Georgia.

3.3     Defendant was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4     Defendant SavaSeniorCare, LLC does not maintain an agent for service of process in Texas although Defendant SavaSeniorCare, LLC does business in Texas.  Therefore, Defendant SavaSeniorCare, LLC may be served pursuant to Texas' Long-Arm Jurisdiction statutes, Texas Civil Practice and Remedies Code § 17.041 *et seq*., by serving the Secretary of State as agent for

service of process. The Secretary of State shall then immediately mail a copy of the process to Defendant at its home address:

> SavaSeniorCare, LLC
> One Ravinia Drive, Suite 1500
> Atlanta Georgia 30346

## IV.   FLSA COVERAGE

4.1   For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2   At all relevant times, Defendant had gross operating revenue in excess of $500,000.00.

4.3   At all relevant times, Defendant has been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4   At all relevant times, Defendant employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5   At all relevant times, Defendant employed two or more persons in interstate commerce.

4.6   At all relevant times, Defendant has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7   At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing her job duties for Defendant.

4.8   At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.   FACTUAL ALLEGATIONS

5.1   Defendant operates assisted living facilities throughout the nation.

5.2   Defendant employed Plaintiff during the three-year period preceding the filing of this

Complaint. Specifically, Praxedes Wara was employed from 2008 through January 2015 as a Licensed Vocational Nurse.

5.3     Defendant maintained control, oversight, and direction over its operations, including employment practices.

5.4     Defendant maintained and exercised the power to hire, fire, and discipline Plaintiff during her employment with Defendant.

5.5     Plaintiff was required to comply with Defendant's policies and procedures in performing Plaintiff's work during Plaintiff's employment with Defendant.

5.6     Plaintiff was a non-exempt employee under the FLSA.

5.7     Defendant paid Plaintiff an hourly rate for all hours worked.

5.8     Plaintiff normally worked in excess of forty hours per week.

5.9     Although Plaintiff worked more than forty hours per week, Plaintiff has not been compensated for all overtime hours worked at one and one-half times Plaintiff's regular rate of pay.

## VI.     CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2      As a non-exempt employee under the FLSA, if Plaintiff worked over forty hours in a workweek, Plaintiff was entitled to overtime pay for these hours.

6.3     Over the course of the relevant period, Plaintiff routinely worked in excess of forty hours per week.  Even though Plaintiff worked in excess of forty hours per week, Defendant failed to pay Plaintiff overtime pay for all hours worked in excess of forty per week.

6.4     Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff overtime

compensation for all hours worked over forty per workweek.

6.5	In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.6	No excuse, legal justification or exemption excuses Defendant's failure to pay Plaintiff overtime compensation for hours worked over forty in a workweek.

6.7	Defendant has failed to make a good faith effort to comply with the FLSA.  Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.  Plaintiff is entitled to liquidated damages for such conduct.

6.8	Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Praxedes Wara respectfully prays that Defendant SavaSeniorCare, LLC be cited to appear, and that, upon trial of this matter, Plaintiff recover the following against Defendant SavaSeniorCare, LLC:

   a.	Actual damages for the full amount of Plaintiff's unpaid overtime compensation;

   b.	Liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation;

   c.	Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

   d.	Pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e.	Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

  /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF